| | |
|---|---|
| **John E. Wheeler,**<br>Plaintiff<br>-vs-<br>**Mohave County Board of Supervisors, et al.,**<br>Defendants | CV-06-2019-PCT-JWS (JI)<br><br>**REPORT & RECOMMENDATION**<br>re Motion for Class Certification and<br>Appointment of Class Counsel |

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

## I. MATTER UNDER CONSIDERATION

Plaintiff, presently incarcerated in the Arizona State Prison at Kingman, Arizona, brings the instant action *pro se* pursuant to 42 U.S.C. § 1983, asserting challenging various conditions of confinement in the Mohave County Jail, as well as a denial of access to the courts..

On July 30, 2007, Plaintiff filed a Motion to Amend and to Certify as Class (#18). The undersigned has, by separate order, denied the motion to amend. However, this matter is before this Court on referral from the District Judge. Pursuant to 28 U.S.C. §636(b)(1)(A), class action certifications are excepted from magistrate judge jurisdiction. On the other hand,, 28 U.S.C. §636(b)(1)(B) authorizes magistrate judges to conduct hearings, including evidentiary hearings, and to submit to a judge of the district court proposed findings of fact and recommendations for the disposition of this motion. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. §636(b)(1)(B) and (C).

## II. RELEVANT BACKGROUND

On August 1, 2006, Plaintiff filed his original Complaint (#1) in this action *pro se*.

- 1 -

He subsequently filed a First Amended Complaint (#6) and a Motion to Certify as Class Action (#4). By Order filed December 20, 2006 (#8), the Court dismissed the First Amended Complaint with leave to amend and denied Plaintiff's Motion to Certify as Class Action.

In addressing the Motion to Certify, the Court found that Plaintiff had failed to show exceptional circumstances that would require the appointment of counsel, and therefore Plaintiff's request for the appointment of counsel was denied. In turn, the Court denied the motion for certification:

> In light of the denial of Plaintiff's request for the appointment of counsel, the Court will deny Plaintiff's Motion because Plaintiff will not be able to fairly and adequately protect the interests of the class. See Rule 23(a)(4), Federal Rules of Civil Procedure.

(Order 12/20/06, #8 at 8.)

Plaintiff ultimately filed his Second Amended Complaint (#9), which was screened and ordered served on April 30, 2007 (#10). Defendants were served, and on July 17 and 18, 2007, filed their answers (#13 & 14). On July 31, 2007, the Court entered a Scheduling Order (#17).

On July 30, 2007, Plaintiff filed the instant Motion to Amend and to Certify as Class (#18). In addition to seeking to amend the complaint to name additional plaintiffs, that motion seeks to certify this matter as a class action, and requests appointment of class counsel. By separate order, the undersigned has summarily denied the motion to amend for failure to submit a proposed amendment in compliance with Local Rule of Civil Procedure 15.1(a)(1) and Local Rules of Civil Procedure 3.4 and 3.5.

Defendants have responded (#19), arguing that Plaintiff has not the requirements of numerosity, commonality, typicality and adequacy of representation.

Although briefing on the motion is not complete, the Court finds that further briefing is not necessary to a fair adjudication of the motion.

### III. APPLICATION OF LAW TO FACTS

Rule 23, Federal Rules of Civil Procedure, governs the certification of a class action.

That rule establishes (1) prerequisites and (2) special circumstances that must be shown to justify the maintenance of the class action.

Rule 23(a) establishes the prerequisites to maintaining a class action. "The burden of demonstrating that the elements of section (a) are satisfied is on the party seeking to have a class certified." *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1308 (9th Cir.1977). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Thus, there are four pre-requisites to the certification of a class: (1) numerosity, (2) commonality, (3) typicality, and (4) adequate representation.

Plaintiff makes assertions as to the numerosity, commonality, and typicality criteria. However, other than his unsupported request for appointment of counsel, Plaintiff fails to attempt any showing that he can meet the requirement for adequate representation.

The "adequacy" prong of Rule 23(a) ensures that the interests of absent class members are adequately protected before binding them by a judgment in action to which they are not a party. *Hansberry v. Lee*, 311 U.S. 32, 42, 61 S.Ct. 115, 85 L.Ed. 22 (1940). Whether the class representatives satisfy this requirement depends on a variety of factors, including "the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir.1994) (quoting *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 390 (9th Cir.1992)).

As recognized in the Court's rejection of Plaintiff's earlier request, a key factor is the competence of the representative's counsel. A representative without counsel will have great difficulty meeting this prong, if he may meet it at all.

> Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of

- 3 -

> others. Neither [the plaintiff] nor any other prisoner has assigned error to the class aspect of this case, but it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.

*Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). *Cf. Phillips v. Tobin*, 548 F.2d 408 (2nd Cir. 1976) (denying a pro se litigant's right to bring a shareholders' derivative action).

The Court has already denied Plaintiff's request for appointment of his own counsel. (Order 12/20/06, #8 at 8.)   Plaintiff does not renew that request, and makes no showing to support such a request.  Although Plaintiff has done an adequate job in representing himself, the Court cannot condone Plaintiff acting as attorney for a class of "thousands of inmates" and thereby "risk the rights of others" in the hands of "a layman representing himself". *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).  Accordingly, Plaintiff still fails to meet the "adequate representation" prerequisite of Rule 23(a)(4), Federal Rules of Civil Procedure.   Therefore, Plaintiff may not be granted permission to proceed with his claims as a class action.[1]

Because the Court must deny Plaintiff's request for certification of the class, there is no basis for appointment of class counsel.  *See* Federal Rule of Civil Procedure 23(g), providing for appointment of class counsel upon certification of class).

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's "Motion to Certify as a Class" filed July 30, 2007 (#18) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion to Appoint Class Counsel" filed July 30, 2007 (#18) be **DENIED**.

---

[1] As noted in the comments to the 1966 Amendments to Rule 23(a), the prerequisites of 23(a) are "necessary but not sufficient conditions for a class action.  Subdivision (b) describes the additional elements which in varying situations justify the use of a class action."  However, because the undersigned concludes that the prerequisites of Rule 23(a) are not met, the special circumstances issues are not reached.

- 4 -

**V. EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: August 16, 2007            _____
                                                    JAY R. IRWIN
                                         United States Magistrate Judge

S:\Drafts\OutBox\06-2019-01fr RR 07 08 01 re MClassCert.wpd